**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT G. GREENE, AKA Robert A. Greene, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> EXECUTIVE COACH & CARRIAGE, a Nevada corporation, <br><br> Defendant - Appellee. | No. 12-17306 <br><br> D.C. No. 2:09-cv-00466-GMN-RJJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted January 14, 2015
San Francisco California

Before: M. SMITH, NGUYEN, and FRIEDLAND, Circuit Judges.

Robert Greene ("Greene") appeals from the dismissal of his minimum wage

claim, entry of summary judgment on another wage-and-hour claim, and denial of

leave to amend his complaint. We have jurisdiction under 28 U.S.C. §1291. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

review the district court's interpretation of state law de novo, *Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1055 (9th Cir. 1997), and its denial of leave to amend for abuse of discretion, *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010). We reverse and remand.

1.   The district court erred in dismissing Greene's claim under the Nevada Minimum Wage Amendment, embodied in Article 15, § 16 of the Nevada Constitution.  *See Thomas v. Nevada Yellow Cab Corp.*, 327 P.3d 518, 522 (Nev. 2014) (holding that the Nevada Minimum Wage Amendment, which contains no taxicab and limousine exception, "supersedes and supplants the taxicab driver exception set out in [Nevada Revised Statutes §] 608.250(2)").  Because the repeal of § 608.250(2) occurred in 2006 when the amendment was ratified, we reject Executive Coach and Carriage's ("Executive") retroactivity argument.  Greene does not allege that he is owed wages for hours worked prior to 2006.  We therefore reverse the district court's dismissal of the minimum wage claim.

2.   The district court erred in granting summary judgment on Greene's claim under Nevada Revised Statute § 608.016.  First, we assume, without deciding, that there is a private right of action to bring this claim, because Executive does not argue otherwise.  *See Cal. Alliance of Child & Family Servs. v. Allenby*, 589 F.3d 1017, 1020 n.5 (9th Cir. 2009) (holding that because the

existence of a private right of action is not jurisdictional, the issue of whether a private right of action exists may be deemed waived if not raised). Second, the district court erred in finding that § 608.016 does not apply to commission-based pay arrangements. Regardless of how § 608.012 defines wages, they still must be paid "for each hour the employee works." Nev. Rev. Stat. § 608.016. We therefore reverse the district court's entry of judgment on this claim.

3. The court abused its discretion in denying Greene's motion for leave to amend the complaint. It had already found good cause and granted Greene leave to amend, but the court's order, issued on June 21, 2011, set the deadline for amendment on a date that had already passed—June 15, 2011. That is a deadline with which Greene of course *could not* have complied. Nevertheless, Greene attempted to amend promptly on June 21, 2011, the date the ruling was issued, but his request was denied. We reverse, and on remand Greene will be allowed to file an amended complaint.[1] *See United States v. Henderson*, 241 F.3d 638, 646 (9th Cir. 2001), *as amended* (holding that it is an abuse of discretion to "rule[] in an

---

[1] We note, however, that the proposed amended complaint would result in an overlap between the instant action and *Schemkes v. Jacob Transp. Servs., LLC*, No. 2:11-cv-00355-JAD-NJK (D. Nev.). Greene may not maintain identical claims against the same defendant in separate lawsuits, *see Adams v. Cal. Dep't Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), but of course how these cases are managed—if Greene continues to maintain his Fair Labor Standards Act claims in both cases—is best left to the district court.

3

irrational manner").  For the same reason, we reverse the district court's imposition

of sanctions on Greene, which was predicated on the conclusion that Greene's

effort to amend his complaint was frivolous.

**REVERSED AND REMANDED**.